UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| OTIS NELSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:09-cv-329 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| WILLIE O. SMITH, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary judgment, asserting that the petition is barred by the one-year statute of limitations. 28 U.S.C. § 2244(d). Upon review of the record, the court finds that the motion is not meritorious, because it is based upon an erroneous assumption concerning the date upon which this habeas corpus action was commenced.

Petitioner is incarcerated in the Ionia Maximum Correctional Facility. He was convicted in the Kent County Circuit Court of two counts of first-degree home invasion, MICH. COMP. LAWS § 750.110a; three counts of armed robbery, MICH. COMP. LAWS § 750.529; two counts of kidnaping, MICH. COMP. LAWS § 750.349; two counts of assault with intent to murder, MICH. COMP. LAWS § 750.83; assault with intent to rob while armed, MICH. COMP. LAWS 750.89; wearing body armor during the commission of a violent crime, MICH. COMP. LAWS § 750.227f; and ten counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On April 12, 2006, the trial court sentenced petitioner as a habitual offender, third

offense, MICH. COMP. LAWS § 769.11, to 20-to-40 years for each of the two home invasion convictions, 25-to-60 years for two of the three armed robbery convictions, 30-to-60 years for the third armed robbery conviction, life in prison for each of the two kidnaping convictions, life in prison for each of the two assault with intent to murder convictions, 30-to-60 years for the assault with intent to rob conviction, 45-to-96 months for the body armor conviction, and 2 years for each of the ten felony-firearm convictions.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion issued on September 18, 2007, and the Michigan Supreme Court denied his application for leave to appeal on January 8, 2008. Under 28 U.S.C. § 2244(d)(1)(A), petitioner had one year after the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to initiate his habeas corpus petition. Under binding Supreme Court authority, the one-year limitations period began to run after expiration of the ninety-day time in which petitioner could have sought review in the United States Supreme Court of the Michigan Supreme Court's decision. *Lawrence v. Florida*, 549 U.S. 327 (2007). Therefore, the statutory period began to run on April 7, 2008, and petitioner had until April 7, 2009, in which to file his habeas corpus petition.

The original habeas corpus petition in the present case, as reflected on the court's docket sheet, was dated on April 2, 2009, and was received by the Clerk of the Court on April 6, 2009. Therefore, whether one uses the date of receipt or the date of posting in the prison mail system (pursuant to the mailbox rule of Habaeas Rule 3(d)), this habeas corpus action was instituted within the time allowed by the statute of limitations.

Respondent's motion erroneously asserts that petitioner signed and dated his petition on *April 27, 2009*. (Brief in Support of Motion, docket # 8, at 2). This was the date that petitioner signed his *amended* petition, not the original petition. Review of the court record in this matter shows that on April 14, 2009, the court directed petitioner to file an amended petition in proper form and that petitioner complied by submitting an amended petition on April 29, 2009. The date of filing the amended petition, however, is irrelevant for purposes of the statute of limitations. The claims set forth in the amended petition are identical to those contained in the original petition; the only difference between the two documents is that the amended petition was filed on the appropriate form, as required by Habeas Rule 2(d). The action was "commenced" by the filing of the original petition, FED. R. CIV. P. 3, which occurred before the expiration of the limitations period.

For the foregoing reasons, an order will be entered denying respondent's motion for summary judgment and requiring respondent to answer the petition within twenty-eight days.

Dated: November 3, 2009　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　HON. ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE